UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------x

KENNETH J. MORENO

Plaintiff,                          COMPLAINT AND
                                    JURY DEMAND

-against-

THE CITY OF NEW YORK; CYRUS VANCE, as District
Attorney, New York County; LISA FRIEL, as Former Bureau
Chief, Sex Crimes Unit, New York County District Attorney's
Office; COLEEN BALBERT, as Former Deputy Bureau Chief,
Sex Crimes Unit, New York County District Attorney's Office;
RANDOLPH CLARKE, as Assistant District Attorney, New
York County District Attorney's Office; EDWARD J. TACCHI,
as Former Senior Investigator, Investigations Unit, New York
County District Attorney's Office; CHARLES V. CAMPISI, as
Former Bureau Chief, NYPD Internal Affairs Bureau; EAMON
F. DEERY, as Captain, NYPD Internal Affairs Bureau Group
No.: 12; MARIA COOD-PEREZ, as Lieutenant, NYPD Internal
Affairs Bureau Group No.: 12, each being sued individually and
in their official capacities as employees of defendant THE CITY
OF NEW YORK; KATHERINE CHOW and YASMIN R.
SAEED

                          Defendants

---------------------------------------------------------------------------x

The plaintiff KENNETH J. MORENO, by his attorney The Sanders Firm, P.C., files this

complaint against defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL;

COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V.

CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW and YASMIN

R. SAEED, that respectfully set forth and allege that:

## INTRODUCTION

This is an action for equitable relief and money damages on behalf of plaintiff

KENNETH J. MORENO, (hereinafter referred to as "plaintiff") who was and is being deprived

of his constitutional rights as an United States Citizen as a result of defendants' THE CITY OF

NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW and YASMIN R. SAEED'S conduct.

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked to redress deprivation of plaintiff's constitutional rights secured by:

a.      the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of state law; and

b.      the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in his civil rights and the redress of deprivation of rights under color of law, and

c.      the Civil Rights Act of 1871, 42 U.S.C. § 1985(2), providing for protection against two or more persons who conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

2.      The unlawful constitutional practices, violations of plaintiff's civil rights complained of herein were committed within New York, Kings, Queens and Bronx Counties.

## PROCEDURAL REQUIREMENTS

3.      Plaintiff has filed suit with this Court within the applicable statute of limitations

period.

4.      Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1866 or 1871.

## PLAINTIFF

5.      Plaintiff KENNETH J. MORENO is a male citizen of the United States of America, over twenty-one (21) years of age, resident of Kings County and former employee of defendant THE CITY OF NEW YORK.

## DEFENDANTS'

6.      Defendant THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

7.      Defendants' CYRUS VANCE, as District Attorney, New York County; LISA FRIEL, as Former Bureau Chief, Sex Crimes Unit, New York County District Attorney's Office; COLEEN BALBERT, as Former Deputy Bureau Chief, Sex Crimes Unit, New York County District Attorney's Office; RANDOLPH CLARKE, as Assistant District Attorney, New York County District Attorney's Office; EDWARD J. TACCHI, as Former Senior Investigator, Investigations Unit, New York County District Attorney's Office; CHARLES V. CAMPISI, as Former Bureau Chief, NYPD Internal Affairs Bureau; EAMON F. DEERY, as Captain, NYPD Internal Affairs Bureau; MARIA COOD-PEREZ, as Lieutenant, NYPD Internal Affairs Bureau Group No.: 12.

8.      Defendants' KATHERINE CHOW and YASMIN R. SAEED.

## BACKGROUND

9.      Plaintiff, prior to his termination was employed as a police officer with the Police Department City of New York (NYPD).

10.     Plaintiff alleges he was formerly assigned to the 9th Precinct in Manhattan South.

11.     Plaintiff alleges prior to filing this complaint, he was a tenured civil servant close to his 20th year work anniversary when he would have become eligible for full retirement benefits.

12.     Plaintiff alleges this case is similar to JABBAR COLLINS v. CITY OF NEW YORK, ET AL., 11 cv 00766 EDNY filed on February 16, 2011, in that he was falsely arrested, prosecuted and incarcerated in violation of his constitutional rights.

13.     Plaintiff alleges from December 7, 2008 to this day, the New York County District Attorney's Office under Robert Morgenthal and defendant CYRUS VANCE investigates, prosecutes and makes other charging decisions based upon race, political affiliations and other improper factors designed to ensure their own pecuniary gain.

14.     Plaintiff alleges defendant THE CITY OF NEW YORK is well aware that prosecutorial misconduct is serious problem within the New York County District Attorney's Office but does nothing to curtail these practices.

15.     Plaintiff alleges defendant THE CITY OF NEW YORK rarely if ever disciplines any employees working with the New York County District Attorney's Office for intentional 'Brady' violations and other forms of prosecutorial misconduct.

16.     Plaintiff alleges from December 7, 2008 to this day, defendant THE CITY OF NEW YORK does not have specific training or supervision protocols in place ensuring the constitutional rights of African-American and Hispanic Males are protected against selective and malicious prosecutions and other forms of prosecutorial misconduct in the New York County District Attorney's Office.

17.     Plaintiff alleges from December 7, 2008 to this day, defendant THE CITY OF

4

NEW YORK does not have specific training or supervision protocols in place ensuring the constitutional rights of Caucasian Males are not receiving treatment that is more favorable against selective and malicious prosecutions and other forms of prosecutorial misconduct in the New York County District Attorney's Office.

18.     Plaintiff alleges from December 7, 2008 to this day, if the accused is an African-American or Hispanic Male, they are more likely charged with serious crimes such as Rape in the First Degree with unreliable evidence, then are pled out or convicted through prosecutorial misconduct in the New York County District Attorney's Office.

19.     Plaintiff alleges from December 7, 2008 to this day, if the accused is a Caucasian Male, they are less likely to be charged with serious crimes such as Rape in the First Degree with unreliable evidence, leading to more declined prosecutions or dismissals than similarly situated African-American or Hispanic Males in the New York County District Attorney's Office.

20.     Plaintiff alleges two similar incidents involving Caucasian Males resulted in declined prosecutions or dismissals in the New York County District Attorney's Office under defendant CYRUS VANCE (Caucasian Male).

21.     Plaintiff alleges on or about August 23, 2011, defendant CYRUS VANCE declined prosecution in the alleged Rape in the First Degree case filed against Dominique Strauss-Kahn (Caucasian Male), the Former Ministry of Economy, Industry and Employment of France and Former Managing Director of the International Monetary Fund because of Nafissatou Diallo's alleged 'credibility' problems.

22.     Plaintiff alleges defendant CYRUS VANCE declined prosecution against Dominique Strauss-Kahn because he is a privileged Caucasian Male with political power being accused of Rape in the First Degree by an African female service employee without privilege

and political power.

23.     Plaintiff alleges in or around October 2011, defendant CYRUS VANCE declined prosecution in the alleged Rape in the First Degree case filed against Fox News Anchor Greg Kelly (Caucasian Male), son of Former Police Commissioner Raymond W. Kelly because of Maria Di Toro's alleged 'credibility' problems.

24.     Plaintiff alleges defendant CYRUS VANCE declined prosecution against Fox News Anchor Greg Kelly because he is a privileged Caucasian Male with political power accused of Rape in the First Degree by a female working class employee without privilege and political power.

25.     Plaintiff alleges defendant CYRUS VANCE selectively and maliciously prosecuted him for Rape in the First Degree, Burglary in the Second Degree and Official Misconduct although defendant KATHERINE CHOW had very serious 'credibility' problems than the victims in the Dominique Strauss-Kahn and Greg Kelly cases.

26.     Plaintiff alleges he NEVER had any sexual contact with defendant KATHERINE CHOW.

27.     Plaintiff alleges throughout the investigation, it was clearly established defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-PEREZ did not have any CREDIBLE EVIDENCE physical, scientific or otherwise he had any sexual contact with defendant KATHERINE CHOW, yet he was still selectively and maliciously prosecuted.

28.     Plaintiff alleges defendant CYRUS VANCE selectively and maliciously prosecuted him because he was a Puerto-Rican (Hispanic) Male police officer accused of Rape in

the First Degree and the prosecution if successful would lead to his pecuniary gain.

29. Plaintiff alleges on or about December 7, 2008, while working uniformed patrol in the 9th Precinct, he responded to a 911 job where he met defendant KATHERINE CHOW who appeared to be tipsy.

30. Plaintiff alleges he and his former partner Franklin Mata (Hispanic Male) assisted defendant KATHERINE CHOW into her apartment.

31. Plaintiff alleges defendant KATHERINE CHOW expressed a sexual interest in him until she found out that he is Puerto Rican instead of Italian.

32. Plaintiff alleges after him and his former partner Franklin Mata left, hour's later defendant KATHERINE CHOW contacted defendant YASMIN R. SAEED.

33. Plaintiff alleges shortly thereafter, defendant KATHERINE CHOW called the NYPD Internal Affairs Bureau to report her encounter with him.

34. Plaintiff alleges defendant YASMIN R. SAEED contacted her former employer Bauman, Katz &Grill, LLP to discuss defendant KATHERINE CHOW'S encounter with him.

35. Plaintiff alleges defendants' KATHERINE CHOW and YASMIN R. SAEED conspired with one another to use the encounter to file baseless civil rights allegations against him, former partner Franklin Mata and defendant THE CITY OF NEW YORK with the hopes of securing a financial settlement or a jury verdict for their pecuniary gain.

36. Plaintiff alleges the conspiracy included using defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-PEREZ, as well as the criminal justice system to meet their goals.

37. Plaintiff alleges the original callout was sent to NYPD Internal Affairs Bureau

Group No.: 12, which investigates allegations of criminal and serious misconduct filed against employees' assigned to commands within Manhattan South.

38.     Plaintiff alleges the original callout was assigned to Detective Second Grade Diane L. Davis (African-American Female).

39.     Plaintiff alleges shortly thereafter, Detective Second Grade Diane L. Davis interviewed defendant KATHERINE CHOW and found her NOT CREDIBLE.

40.     Plaintiff alleges Detective Second Grade Diane L. Davis made notes of her interview with defendant KATHERINE CHOW.

41.     Plaintiff alleges Detective Second Grade Diane L. Davis informed her supervisors of her initial findings.

42.     Plaintiff alleges Detective Second Grade Diane L. Davis's supervisors chastised her for writing notes about her interview with defendant KATHERINE CHOW.

43.     Plaintiff alleges Detective Second Grade Diane L. Davis believed this matter was not criminal but a form of misconduct based upon similar matters handled by the NYPD Internal Affairs Bureau and other investigative mechanisms within the police department.

44.     Plaintiff alleges after handling the initial callout, the NYPD Internal Affairs supervisors removed Detective Second Grade Diane L. Davis from the case and reassigned it to Retired Detective First Grade Dianne Spence (Caucasian Female).

45.     Plaintiff alleges on or about December 9, 2008, there were notes taken added to the investigative file, defendant KATHERINE CHOW notably DID NOT allege any sexual contact with him.

46.     Plaintiff alleges on or about December 9, 2008, defendant KATHERINE CHOW was interviewed by defendant COLEEN BALBERT, in the notes, defendant KATHERINE

CHOW claims, "He penetrated vagina but doesn't believe he used a condom."

47.     Plaintiff alleges from the outset, Retired Detective First Grade Dianne Spence was less than objective, believing he raped defendant KATHERINE CHOW although the physical evidence and defendant KATHERINE CHOW'S own inconsistent statements indicated otherwise.

48.     Plaintiff alleges between December 10, 2008 and December 11, 2008, defendant KATHERINE CHOW continued with her scheme to fraudulently obtain taxpayer monies cooperating with the criminal investigation against he and former partner Franklin Mata, meeting with defendants' LISA FRIEL; COLEEN BALBERT; EDWARD J. TACCHI and EAMON F. DEERY.

49.     Plaintiff alleges during the interview, defendant KATHERINE CHOW claimed she and her friends went to the "South Paw Bar" located in Brooklyn to celebrate her going away party.

50.     Plaintiff alleges prior to leaving defendant KATHERINE CHOW'S residence she claimed to have drank a half bottle of champagne.

51.     Plaintiff alleges approximately 3.5 hours later, defendant KATHERINE CHOW claimed she and her friends arrived at the "South Paw Bar" located in Brooklyn.

52.     Plaintiff alleges defendant KATHERINE CHOW claimed she met with other friends and later became intoxicated.

53.     Plaintiff alleges defendant KATHERINE CHOW claimed she was in and out of consciousness throughout the evening.

54.     Plaintiff alleges defendant KATHERINE CHOW claimed to recall waking up in front of her building inside of a taxicab.

55.     Plaintiff alleges defendant KATHERINE CHOW claimed the taxicab driver getting out of the vehicle to assist her.

56.     Plaintiff alleges defendant KATHERINE CHOW claimed he assisted her as she vomited into the toilet.

57.     Plaintiff alleges defendant KATHERINE CHOW claimed he told her to drink water.

58.     Plaintiff alleges defendant KATHERINE CHOW claimed he raised her pelvic area and had vaginal sex with her from behind, her story changed from the initial callout notes dated December 9, 2008.

59.     Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; EDWARD J. TACCHI and EAMON F. DEERY were so focused on their own pecuniary interest, they DID NOT bother to review her prior statements and confront this obvious glaring inconsistency.

60.     Plaintiff alleges defendant KATHERINE CHOW sent the following messages via private messaging on Facebook to her friend Lauren

> Lauren:      dude…are you good? You trainer has your coat. So happy to see you last night. Got you in a cab and hope you got home safe.
>
> Katherine:   soooo glad he has it – yeah Im okay but I lost my phone. I need you guys to fill me in with what happened. I blacked out. Really bad. How does my trainer have my coat? Does he by chance have my phone? Was I really fucked up? I am not coming to work tomorrow. Email me instead……..

61.     Plaintiff alleges in the aforementioned communication with her friend, notably,

she DOES NOT allege any sexual contact with him much less rape.

62.     Plaintiff alleges shortly thereafter, defendants' THE CITY OF NEW YORK;
CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J.
TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY and YASMIN R. SAEED advised
defendant KATHERINE CHOW to change the settings and at some point, close her Facebook
Personal Page.

63.     Plaintiff alleges defendant KATHERINE CHOW claimed the next morning, she
awakened, took a shower and went upstairs to meet with defendant YASMIN R. SAEED.

64.     Plaintiff alleges defendant KATHERINE CHOW claimed she went to Beth Israel
Hospital accompanied by defendant YASMIN R. SAEED.

65.     Plaintiff alleges defendant KATHERINE CHOW claimed she was examined by
an emergency room physician who processed a Sex Evidence Collection Kit.

66.     Plaintiff alleges on or about December 11, 2008, defendant KATHERINE CHOW
was shown two (2) photo arrays, Photo Array Nos.: 6064 and 6065, by Detective Second Grade
Diane L. Davis, she was unable to identify anyone. Plaintiff appeared in Photo Array No.: 6064.
Defendant EDWARD J. TACCHI was present.

67.     Plaintiff alleges on or about December 11, 2008, defendant EDWARD J.
TACCHI retrieved the Sex Evidence Collection Kit along with items defendant KATHERINE
CHOW brought with her to Beth Israel Hospital.

68.     Plaintiff alleges on or about December 11, 2008, according to notes in Lab No.:
FB08-8303, defendant LISA FRIEL told Analyst MP, defendant KATHERINE CHOW DID
NOT know if condoms were used.

69.     Plaintiff alleges it is important to note, defendant KATHERINE CHOW never

ever mentioned anything about a condom.

70.     Plaintiff alleges on or about December 12, 2008, according to notes in Lab No.: FB08-8303 defendant LISA FRIEL was informed by Analyst MSD, the Sex Evidence Collection Kit tested NEGATIVE for semen.

71.     Plaintiff alleges the aforementioned fact is consistent with NO SEXUAL CONTACT and inconsistent with defendant KATHERINE CHOW'S ever changing version of events.

72.     Plaintiff alleges on or about December 12, 2008, defendants' EAMON F. DEERY; MARIA CODD-PEREZ and EDWARD J. TACCHI interviewed Mr. Andom Diriki Mangum, the taxi driver as noted on Worksheet No.: 6.

73.     Plaintiff alleges Mr. Mangum told defendants' EAMON F. DEERY; MARIA CODD-PEREZ and EDWARD J. TACCHI, defendant KATHERINE CHOW walked upstairs 'under her own power.'

74.     Plaintiff alleges eight (8) days later, on or about December 15, 2008, defendant EDWARD J. TACCHI along with the NYPD Crime Scene Unit and internal affairs personnel collected evidence from defendant KATHERINE CHOW'S residence.

75.     Plaintiff alleges the NYPD Crime Scene Unit collected vomit, hair, semen samples.

76.     Plaintiff alleges ultimately, the aforementioned evidence DID NOT yield any connection to him.

77.     Plaintiff alleges on or about December 17, 2008, the samples collected weeks earlier at Beth Israel Hospital from defendant KATHERINE CHOW tested NEGATIVE for semen.

78.     Plaintiff alleges on or about December 17, 2008, defendant KATHERINE CHOW turned over the following pieces of evidence allegedly from her apartment to defendant EDWARD J. TACCHI: tissues from her kitchen garbage pail, a pillowcase and a cloth belt.

79.     Plaintiff alleges on or about December 17, 2008, defendants' COLEEN BALBERT; EAMON F. DEERY and MARIA CODD-PEREZ tried to set up a controlled meet between him and defendant KATHERINE CHOW in front of the 9th Precinct.

80.     Plaintiff alleges on or about December 18, 2008, defendant EDWARD J. TACCHI obtained a search warrant to seize his personal cellular telephone.

81.     Plaintiff alleges on or about December 19, 2008, defendant EDWARD J. TACCHI along with Retired Detective First Grade Dianne Spence and other member of NYPD Internal Affairs Bureau Group No.: 12 seized his personal cellular telephone in front of his home in the county of Kings.

82.     Plaintiff alleges on or about December 19, 2008, defendant CHARLES V. CAMPISI ordered defendant EAMON F. DEERY to 'Modify' him for the 'Good of the Department.'

83.     Plaintiff alleges defendant MARIA E. CODD-PEREZ removed all of his Department property.

84.     Plaintiff alleges up to this point, defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-PEREZ knew they had NO CREDIBLE EVIDENCE he had any sexual contact with defendant KATHERINE CHOW much less rape her.

85.     Plaintiff alleges up to this point, defendants' THE CITY OF NEW YORK;

CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-PEREZ knew they knew defendant KATHERINE CHOW had NO CREDIBLE EVIDENCE to support her claims against him, yet they continued selectively and maliciously prosecuting him.

86.     Plaintiff alleges defendant THE CITY OF NEW YORK transferred him to the Queens Court Section.

87.     Plaintiff alleges between December 23, 2008 through April 4, 2011, defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-PEREZ secured and executed numerous search warrants against his person and property.

88.     Plaintiff alleges despite all of this legal activity, defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-PEREZ efforts yielded NO CREDIBLE EVIDENCE to support Rape in the First Degree or related charges against him, yet they continued selectively and maliciously prosecuting him.

89.     Plaintiff alleges on or about January 9, 2009, defendant EDWARD J. TACCHI received notice from the District Attorney's Technical Unit, there was no information recovered from plaintiff's cellular telephone evidencing any criminal conduct related to defendant KATHERINE CHOW.

90.     Plaintiff alleges on or about January 9, 2009, defendant EDWARD J. TACCHI received notice, the Forensic Toxicology Report analyzing defendant KATHERINE CHOW'S blood and urine samples obtained at Beth Israel Hospital for the Sex Evidence Collection Kit

contained no drugs and 0.01% of Ethanol in her blood and 0.03% of Ethanol in her urine.

91.     Plaintiff alleges on or about February 20, 2009, defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-PEREZ received additional notice from the December 15, 2008, Lab No.: FB08-08303.

92.     Plaintiff alleges the aforementioned report confirmed DNA from defendant KATHERINE CHOW and two unidentified (2) male donors, Male Donor A and Male Donor B.

93.     Plaintiff alleges on or about February 20, 2009, defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-PEREZ received additional notice from December 15, 2008, Lab No.: FB08-08303.

94.     Plaintiff alleges the aforementioned report confirmed there was NO SEMEN or AMYLASE (normally found in saliva) was found in defendant KATHERINE CHOW'S underwear, mouth, anus, or anywhere in the vaginal cavity.

95.     Plaintiff alleges medical records confirmed defendant KATHERINE CHOW'S was normal, there were NO external signs of trauma, no lacerations, no bruising, no abrasions, just the erythema (blunt trauma) and redness on the cervix.

96.     Plaintiff alleges erythema's have many causes unrelated to sexual assault including consensual sex within a few days prior to her contact with him.

97.     Plaintiff alleges, it is important to note, defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-PEREZ never confronted her about recent sexual activity much less, determine if Male Donor A

and Male Donor B were friends she recently had sexual contact with.

98.     Plaintiff alleges, it is important to note, defendants' THE CITY OF NEW YORK;
CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J.
TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-PEREZ never
tested any of the aforementioned evidence for the presence of Polydimethylsiloxane (PDMS),
which is a chemical commonly used in many brands of domestic condom lubricant preparations.

99.     Plaintiff alleges if this analysis were performed defendants' THE CITY OF NEW
YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE;
EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-
PEREZ and KATHERINE CHOW could not falsely claim he used a condom.

100.     Plaintiff alleges on or about April 8, 2009, defendants' THE CITY OF NEW
YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE;
EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-
PEREZ received notice that the bedding obtained from defendant KATHERINE CHOW'S
apartment tested positive for semen from two (2) separate male donors, not him or former Police
Officer Franklin Mata.

101.     Plaintiff alleges on or about April 9, 2009, according to notes in Lab No.: FB08-
8303, defendant COLEEN BALBERT was told: Male Donor A was found on semen stains on
the mattress tickling; Male Donor B was found on semen stains on the pillow sham covers;
Semen was also found on the bedded pillow cover but a profile could not be determined; Blood
was found on the dress, belt, pillow covers, and tissue paper all matched to defendant
KATHERINE CHOW.

102.     Plaintiff alleges defendants THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-PEREZ DID NOT test the

semen.

103.     Plaintiff alleges on or about April 9, 2009, pursuant to a search warrant, while

present at Queens Criminal Court, Arrest Processing, defendant EDWARD J. TACCHI seized an

oral DNA sample from him by swabbing the inside of his mouth.

104.     Plaintiff alleges on or about April 24, 2009, despite defendants' THE CITY OF

NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE;

EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-

PEREZ having the aforementioned information, a New York County Grand Jury still indicted

him for Rape First Degree (One Count), Burglary Second Degree (Two Counts), Criminal

Possession of Controlled Substance Seventh Degree (One Count) and Official Misconduct (Ten

Counts).

105.     Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-PEREZ intentionally

presented limited evidence for a grand jury result instead of the facts tending to support no crime

was committed.

106.     Plaintiff alleges a warrant was issued for his arrest.

107.     Plaintiff alleges on or about April 28, 2009, defendants' THE CITY OF NEW

YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE;

EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-

PEREZ were notified the semen samples recovered from defendant KATHERINE CHOW'S

apartment DID NOT match his DNA.

108.     Plaintiff alleges on or about April 28, 2009, he was arrested.

109.     Plaintiff alleges on or about May 4, 2009, defendants' THE CITY OF NEW

YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE;

EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-

PEREZ were notified his DNA DID NOT match any of the evidence collected and analyzed

under Lab No.: FB08-08303.

110.     Plaintiff alleges on or about May 19, 2009, defendant THE CITY OF NEW

YORK through the NYPD Department Advocate's Office served him with Charges and

Specifications related to the pending criminal matter.

111.     Plaintiff alleges on or about September 4, 2009, defendant EDWARD J. TACCHI

reviewed a copy of the Notice of Claim filed by defendant KATHERINE CHOW where she

alleged he stole her Blackberry from her residence.

112.     Plaintiff alleges defendant EDWARD J. TACCHI investigated the

aforementioned allegation in December 2008, where he determined defendant KATHERINE

CHOW lost her Blackberry near 'South Paw' in Brooklyn.

113.     Plaintiff alleges defendant KATHERINE CHOW filed this Notice of Claim under

penalty of perjury and perjured herself because based upon her own prior statement via

Facebook, she already knew she lost her Blackberry but intentionally filed a false claim to

bolster her case as an alleged victim in hopes of a settlement or jury verdict in her favor.

114.     Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED knew defendant KATHERINE CHOW perjured herself but did nothing to protect his constitutional rights because they were more concerned with their own pecuniary interests.

115.    Plaintiff alleges on or about December 2, 2009, defendants' KATHERINE CHOW and YASMIN R. SAEED through Bauman, Katz & Grill, LLP maliciously filed a frivolous federal lawsuit in the Southern District of New York 09 cv 9895 alleging he raped and sexually assaulted defendant KATHERINE CHOW.

116.    Plaintiff alleges the acts of defendants KATHERINE CHOW and YASMIN R. SAAED were performed with the intent to extort monies out of him and defendant THE CITY OF NEW YORK when they already knew defendant KATHERINE CHOW was NOT the victim of any crime or police misconduct.

117.    Plaintiff alleges on or about December 17, 2009, defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; and EDWARD J. TACCHI pursuant to a search warrant seized both head and pubic samples from him.

118.    Plaintiff alleges on or about February 5, 2010, according to notes in Lab No.: Analyst DH told FB08-8303 defendant COLEEN BALBERT that the hair samples seized were DISSIMILAR to plaintiffs.

119.    Plaintiff alleges on or about May 3, 2010, defendant THE CITY OF NEW YORK through the NYPD Department Advocate's Office served him with Amended Charges and Specifications related to the pending criminal matter.

120.    Plaintiff alleges on or about May 11, 2010, defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE;

EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-

PEREZ received additional notice from December 15, 2008 and April2, 2009, Lab No.: FB08-

08303 contained DNA from another Male Donor C.

121.    Plaintiff alleges despite having the all of the aforementioned information,

defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN

BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI;

EAMON F. DEERY and MARIA COOD-PEREZ selectively and maliciously prosecuting him

for crimes NOT supported by OBJECTIVE CREDIBLE EVIDENCE.

122.    Plaintiff alleges on or about April 4, 2011, the criminal trial commenced against

him.

123.    Plaintiff alleges throughout the trial, New York Supreme Court Judge Gregory

Carro was inattentive and pro-prosecution including using his smartphone to view data and send

text messages to unknown parties.

124.    Plaintiff alleges shortly before the trial concluded, he found out defendants' THE

CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT and EDWARD

J. TACCHI actively participated in violating his 'Brady' and other constitutional rights by

participating in Lisa F. Jackson's documentary marketed to Home Box Office, Inc., entitled 'Sex

Crimes Unit' where discussions, notes and other materials were developed but not turned over to

him.

125.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE and EDWARD J. TACCHI

actively participated in violating his constitutional rights because they wanted to protect their

pecuniary interest in the successful outcome of the 'Sex Crimes Unit.'

126. Plaintiff alleges his conviction for Rape in the First Degree would have ensured defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE and EDWARD J. TACCHI'S success.

127. Plaintiff alleges the 'Brady' materials would have further supported his legal position that defendant KATHERINE CHOW is nothing other than a financial opportunist falsely reporting she was raped, when in fact no such incident ever occurred.

128. Plaintiff alleges despite having knowledge of the aforementioned information, New York Supreme Court Judge Gregory Carro refused to declare a 'mistrial' despite this serious 'Brady' violation along with the other prosecutorial misconduct.

129. Plaintiff alleges on or about May 17, 2011, the criminal trial concluded.

130. Plaintiff alleges on or about May 26, 2011, the jury convicted him of three (3) counts of Official Misconduct a Misdemeanor, based upon a clear error of law by the Court, jury confusion and prosecutorial misconduct.

131. Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE and EDWARD J. TACCHI'S 'Brady' violations and other related prosecutorial misconduct affected the jury verdict.

132. Plaintiff alleges New York Supreme Court Judge Gregory Carro refused to declare a 'mistrial' post-verdict despite the serious 'Brady' violations, along with the other prosecutorial misconduct.

133. Plaintiff alleges after his conviction, he remained out on bail.

134. Plaintiff alleges on or about May 26, 2011, pursuant to section 30(1)(e) of the Public Officers Law, defendant THE CITY OF NEW YORK terminated his employment as a police officer.

135.     Plaintiff alleges on or about June 10, 2011, he received his final check as an employee of defendant THE CITY OF NEW YORK.

136.     Plaintiff alleges on or about June 20, 2011, defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT and EDWARD J. TACCHI appeared in Home Box Office, Inc. and Lisa F. Jackson's documentary entitled 'Sex Crimes Unit', which was released during the Los Angeles Film Festival.

137.     Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE and EDWARD J. TACCHI achieved little fanfare because the jury determined he was NOT GUILTY of Rape in the First Degree and related felony charges.

138.     Plaintiff alleges on or about August 8, 2011, New York Supreme Court Judge Gregory Carro sentenced him to one-year in jail disregarding the Department of Probation's recommendation of probation.

139.     Plaintiff alleges on or about September 1, 2011, defendants' THE CITY OF NEW YORK and CYRUS VANCE fired defendant LISA FRIEL for committing pre-trial 'Brady' violations during the prosecution.

140.     Plaintiff alleges post-trial, defendant LISA FRIEL became the Vice President of Sexual Misconduct Consulting & Investigations for T & M Protections Services and proudly references on her company profile appearing in Home Box Office, Inc. and Lisa F. Jackson's documentary entitled 'Sex Crimes Unit.'

141.     Plaintiff alleges post-trial, defendant COLEEN BALBERT became the Chief of the Sex Crimes Unit in the Kings County District Attorney's Office and Adjunct Professor with the Pace University School of Law.

142.     Plaintiff alleges on or about July 2, 2012, Southern District Judge Barbara S. Jones dismissed the federal civil rights claims filed by defendants' KATHERINE CHOW and YASMIN R. SAEED through Bauman, Katz & Grill, LLP against defendant THE CITY OF NEW YORK pursuant to Rule 12 of the Federal Rules of Civil Procedure.

143.     Plaintiff alleges on or about July 2, 2012, defendants' KATHERINE CHOW and YASMIN R. SAEED through Bauman, Katz & Grill, LLP maliciously filed a frivolous amended federal lawsuit in the Southern District of New York 09 cv 9895 alleging he raped and sexually assaulted defendant KATHERINE CHOW in an outright attempt to extort monies out of him and defendant THE CITY OF NEW YORK when they already knew there was absolutely no crime was committed against her nor was she the victim of police misconduct.

144.     Plaintiff alleges on or about August 2, 2012, defendants' KATHERINE CHOW and YASMIN R. SAEED through Rich, Intelisano & Katz, LLP maliciously filed a frivolous second amended federal lawsuit in the Southern District of New York 09 cv 9895 alleging he raped and sexually assaulted defendant KATHERINE CHOW in an outright attempt to extort monies out of him and defendant THE CITY OF NEW YORK when they already knew there was absolutely no crime committed against her nor was she the victim of police misconduct.

145.     Plaintiff alleges on or about November 8, 2012, the Appellate Division, First Department upheld the three (3) official misconduct convictions against him.

146.     Plaintiff alleges the Appellate Division ruled the District Attorney's summation "misstated the law regarding the 'benefit' element of official misconduct by suggesting that mere neglect of duty would qualify as a benefit."

147.     Plaintiff alleges the Appellate Division viewed this as "harmless error" since New York Supreme Court Judge Gregory Carro instructed the jury, summations are not evidence and

gave them the proper instructions.

148.   Plaintiff alleges the Appellate Division failed to grasp the severity of the intentional unconstitutional taint by the District Attorney's summation.

149.   Plaintiff alleges New York Supreme Court Judge Gregory Carro should have immediately declared a mistrial for 'Brady' violations and other prosecutorial misconduct.

150.   Plaintiff alleges the Appellate Division should have granted his appeal, reversed the three (3) convictions for official misconduct declaring there was no 'benefit' within the meaning of the statute and dismiss the indictment, in the alternative, declare a mistrial due to 'Brady' violations and other prosecutorial misconduct.

151.   Plaintiff alleges the Appellate Division's decision did not specifically analyze the meaning of 'benefit' an essential element of the official misconduct statute.

152.   Plaintiff alleges the Appellate Division intentionally sidestepped analyzing the legislative intent of the term 'benefit' in order to uphold the three (3) official misconduct convictions against him.

153.   Plaintiff alleges the Appellate Division intentionally sidestepped analyzing the legislative intent of the term 'benefit' because they made a value judgment of his conduct and knew if they analyzed the term 'benefit' for the legislative intent, they would have reached the legal conclusion that no crime was committed.

154.   Plaintiff alleges the Appellate Division's actions violated his constitutional rights under the Equal Protection Clause of the Fourteenth Amendment.

155.   Plaintiff alleges the New York Court of Appeals denied his appeal to review the Appellate Division's actions.

156.   Plaintiff alleges on or about December 20, 2012, he surrendered to New York

Supreme Court Judge Gregory Carro, who then ordered him remanded and sent to Rikers Island in Bronx County to serve his sentence.

157.    Plaintiff alleges immediately thereafter, he filed an emergency application for a Temporary Restraining Order in the United States District Court of the Southern District of New York.

158.    Plaintiff alleges Southern District Judge Richard Sullivan denied the emergency petition even chiding him for seeking court intervention based upon his own value judgment of his conduct.

159.    Plaintiff alleges Southern District Judge Richard Sullivan did not analyze whether defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW and YASMIN R. SAEED violated his constitutional rights.

160.    Plaintiff alleges on or about December 21, 2012, defendant THE CITY OF NEW YORK through the Correction Department, Rikers Island classified him as a minimum security risk yet, he was housed with violent high profile prisoners.

161.    Plaintiff alleges on or about January 30, 2013, he applied for a Conditional Release through the Correction Department, Rikers Island, defendant THE CITY OF NEW YORK never responded to the application.

162.    Plaintiff alleges on or about March 4, 2013, Southern District Judge Shira A. Scheindlin dismissed the federal civil rights claims filed by defendants' KATHERINE CHOW and YASMIN R. SAEED through Rich, Intelisano & Katz, LLP against defendant THE CITY OF NEW YORK pursuant to Rule 12 of the Federal Rules of Civil Procedure.

163.    Plaintiff alleges on or about June 3, 2013, Southern District Judge Richard Sullivan denied his writ of habeas corpus challenging his three (3) convictions for official misconduct.

164.    Plaintiff alleges Southern District Judge Richard Sullivan denied his writ of habeas corpus because he made a value judgment of his conduct as opposed to analyze whether defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW and YASMIN R. SAEED violated his constitutional rights.

165.    Plaintiff alleges in or around August 2013, he was released from Rikers Island after being denied early release several times.

166.    Plaintiff alleges on or about March 12, 2014, the United States Court of Appeals for the Second Circuit affirmed Southern District Judge Shira A. Scheindlin's March 4, 2013 Opinion and Order dismissing the federal civil rights claims filed by defendants' KATHERINE CHOW and YASMIN R. SAEED through Rich, Intelisano & Katz, LLP against defendant THE CITY OF NEW YORK pursuant to Rule 12 of the Federal Rules of Civil Procedure.

167.    Plaintiff alleges based upon the aforementioned collective actions, defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW and YASMIN R. SAEED violated his constitutional rights.

<u>**VIOLATIONS AND CLAIMS ALLEGED**</u>

**COUNT I**
**RACE DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

168.    Plaintiff re-alleges Paragraphs 1 through 167 and incorporates them by reference as Paragraphs 1 through 167 of Count I of this Complaint.

169.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW and YASMIN R. SAEED interfered with his rights to enforce contracts under the color of state law because of his race.

170.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW and YASMIN R. SAEED acted in collusion with one another perpetuating a fraud upon the criminal justice system causing him to be arrested, selectively and maliciously prosecuted for Rape in the First Degree, Burglary in the Second Degree and Official Misconduct for their pecuniary gain.

171.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW and YASMIN R. SAEED acted in collusion with one another causing him to be selectively and maliciously prosecuted resulting in a conviction of three (3) counts of official misconduct.

172.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED caused him to serve one (1) year on Rikers Island although probation

was recommended.

173.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED acting in collusion with one with one another as indicated above,

causing his employment with defendant THE CITY OF NEW YORK to be terminated.

174.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED caused him to sustain damages to his reputation, financial interests,

mental anguish and to incur significant legal expenses.

## COUNT II
## ABUSE OF AUTHORITY
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

175.    Plaintiff re-alleges Paragraphs 1 through 174 and incorporates them by reference

as Paragraphs 1 through 174 of Count II of this Complaint.

176.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED under color of law, personally interfered with and deprived him of his

constitutional rights due to his race and political affiliation.

177.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED under color of law, as employees and/or agents of defendant THE

CITY OF NEW YORK either acted in a concerted, malicious intentional pattern to deprive him

of his constitutional rights or knowing such constitutional violations was taking place, knowingly

omitted to protect him from continuing deprivations of his constitutional rights.

178.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED acted in collusion with one another perpetuating a fraud upon the

criminal justice system causing him to be arrested, selectively and maliciously prosecuted for

Rape in the First Degree and Burglary in the Second Degree for their pecuniary gain.

179.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED acted in collusion with one another perpetuating a fraud upon the

criminal justice system causing him to be prosecuted, selectively and maliciously prosecuted

resulting in a conviction of three (3) counts of official misconduct.

180.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED caused him to serve one one (1) year on Rikers Island although probation

was recommended.

181.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED acting in collusion with one with one another as indicated above,

causing his employment with defendant THE CITY OF NEW YORK to be terminated.

182.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED caused him to sustain damages to his reputation, financial interests,

mental anguish and to incur significant legal expenses.

## COUNT III
## VIOLATION OF THE FOURTH AMENDMENT
## FALSE ARREST
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

183.    Plaintiff re-alleges Paragraphs 1 through 182 and incorporates them by reference

as Paragraphs 1 through 182 of Count III of this Complaint.

184.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED intended to confine him.

185.    Plaintiff alleges he was conscious of the confinement.

186.    Plaintiff alleges he did not contest the confinement.

187.    Plaintiff alleges the confinement was not otherwise privileged.

188.     Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED did not have probable cause to arrest him.

**COUNT IV**
**VIOLATION OF THE FOURTH AMENDMENT**
**MALICIOUS PROSECUTION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

189.     Plaintiff re-alleges Paragraphs 1 through 188 and incorporates them by reference

as Paragraphs 1 through 188 of Count IV of this Complaint.

190.     Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED under color of law, personally interfered with and deprived him of his

constitutional rights.

191.     Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED initiated and continued a criminal proceeding against him.

192.     Plaintiff alleges the jury found him NOT GUILTY as part of the criminal

proceeding related to Rape in the First Degree and Burglary in the Second Degree.

193.     Plaintiff was convicted of three (3) counts of official misconduct based upon New

York Supreme Court Judge Gregory Carro refusing to charge the jury with the correct statutory

interpretation of the term 'benefit' consistent with the legislative intent.

194. Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW and YASMIN R. SAEED arrested him or caused him to be arrested, continuing with the prosecution although they had no probable cause.

195. Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW and YASMIN R. SAEED continued the prosecution with malice for their own pecuniary gain.

**COUNT V**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**SELECTIVE PROSECUTION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

196. Plaintiff re-alleges Paragraphs 1 through 195 and incorporates them by reference as Paragraphs 1 through 195 of Count V of this Complaint.

197. Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW and YASMIN R. SAEED under color of law, personally interfered with and deprived him of his constitutional rights.

198. Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ and KATHERINE CHOW initiated and continued a criminal proceeding against him due to his race, political

affiliations and other improper factors designed to ensure their own pecuniary gain.

199.    Plaintiff alleges the jury found him NOT GUILTY as part of the criminal proceeding related to Rape in the First Degree and Burglary in the Second Degree.

200.    Plaintiff was convicted of three (3) counts of official misconduct based upon New York Supreme Court Judge Gregory Carro refusing to charge the jury with the correct statutory interpretation of the term 'benefit' consistent with the legislative intent.

201.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ and KATHERINE CHOW arrested him and continued with the prosecution although they declined to prosecute in similar situations due to race, political affiliations and other improper factors.

202.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW and YASMIN R. SAEED continued the prosecution with malice for their own pecuniary gain.

## COUNT VI
## MONELL CLAIM
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

203.    Plaintiff re-alleges Paragraphs 1 through 202 and incorporates them by reference as Paragraphs 1 through 202 of Count VI of this Complaint.

204.    Plaintiff alleges defendant THE CITY OF NEW YORK'S actions were under color of law.

205.    Plaintiff alleges he sustained constitutional injuries because of defendant THE CITY OF NEW YORK'S "official policies" as applied by the Manhattan District Attorney's

Office and NYPD Internal Affairs Bureau of selectively and maliciously prosecuting cases based upon race, political affiliations and other improper factors.

## COUNT VII
## FAILURE TO TRAIN
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

206.    Plaintiff re-alleges Paragraphs 1 through 205 and incorporates them by reference as Paragraphs 1 through 205 of Count VII of this Complaint.

207.    Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront situations involving arrests and prosecutions.

208.    Plaintiff alleges arrests and prosecutions presents the employee with a difficult choice of the sort either that training will make handling such matters objectively and less difficult or that there is a history of employees mishandling arrests and prosecutions.

209.    Plaintiff alleges mishandling arrests and prosecutions will frequently cause the deprivation of a citizen's constitutional rights.

210.    Plaintiff alleges because defendant THE CITY OF NEW YORK'S failure to train its employees involving objectively handling arrests and prosecutions he sustained constitutional injuries.

## COUNT VIII
## FAILURE TO SUPERVISE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

211.    Plaintiff re-alleges Paragraphs 1 through 210 and incorporates them by reference as Paragraphs 1 through 210 of Count VIII of this Complaint.

212.    Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront situations involving arrests and prosecutions.

213.    Plaintiff alleges arrests and prosecutions presents the employee with a difficult choice of the sort either that training will make handling such matters objectively and less difficult or that there is a history of employees mishandling arrests and prosecutions.

214.    Plaintiff alleges mishandling arrests and prosecutions will frequently cause the deprivation of a citizen's constitutional rights.

215.    Plaintiff alleges because defendant THE CITY OF NEW YORK'S failure to train its employees involving objectively handling arrests and prosecutions he sustained constitutional injuries.

**COUNT IX**
**CONSPIRACY**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985**

216.    Plaintiff re-alleges Paragraphs 1 through 215 and incorporates them by reference as Paragraphs 1 through 215 of Count IX of this Complaint.

217.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW and YASMIN R. SAEED under color of law, personally interfered with and deprived him of his constitutional rights due to his race.

218.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW and YASMIN R. SAEED under color of law either acted in a concerted, malicious intentional pattern to further violate his constitutional rights or knowing such constitutional violations was taking place, knowingly omitted to protect him.

35

219. Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;
LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;
CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW
and YASMIN R. SAEED acted in collusion with one another perpetuating a fraud upon the
criminal justice system causing him to be arrested for Rape in the First Degree and Burglary in
the Second Degree for their pecuniary gain.

220. Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;
LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;
CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW
and YASMIN R. SAEED acted in collusion with one another perpetuating a fraud upon the
criminal justice system causing him to be selectively and maliciously prosecuted and convicted
of three (3) counts of official misconduct.

221. Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;
LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;
CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW
and YASMIN R. SAEED caused him to serve one (1) year on Rikers Island although probation
was recommended.

222. Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;
LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;
CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW
and YASMIN R. SAEED acting in collusion with one with one another as indicated above,
causing his employment with defendant THE CITY OF NEW YORK to be terminated.

223. Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TACCHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; KATHERINE CHOW

and YASMIN R. SAEED caused him to sustain damages to his reputation, financial interests,

mental anguish and to incur significant legal expenses.

## JURY TRIAL

224.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE

CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH

CLARKE; EDWARD J. TACCHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA

COOD-PEREZ; KATHERINE CHOW and YASMIN R. SAEED jointly and severally including

both legal and equitable, and interests and costs.

Dated:  October 15, 2014
        New York, NY

Respectfully submitted,

By: _____

Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
(888) 892-8952 (Business Telephone)
(844) 205-7214 (Facsimile)

Website: http://www.thesandersfirmpc.com